**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1660**

THOMASINA COFIELD GEAN,

      Plaintiff - Appellant,

    v.

CHARLOTTE MECKLENBURG BOARD OF EDUCATION; CLASSROOM TEACHERS ASSOCIATION; HUNTINGTOWNE FARMS ELEMENTARY SCHOOLS; EEOC,

      Defendants - Appellees.

**No. 19-1661**

THOMASINA COFIELD GEAN,

      Plaintiff - Appellant,

    v.

CHARLOTTE MECKLENBURG BOARD OF EDUCATION; HUNTINGTOWNE FARMS ELEMENTARY SCHOOLS; CLASSROOM TEACHERS ASSOCIATION; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Defendants - Appellees.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cv-00437-RJC-DCK; 3:18-cv-00637-RJC-DCK)

Submitted:  November 19, 2019                    Decided:  November 21, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Thomasina Cofield Gean, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Thomasina Cofield Gean seeks to appeal the magistrate judge's memorandum and recommendation filed in both of her civil actions. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The filings Gean seeks to appeal are neither final orders nor appealable interlocutory or collateral orders.[*] Accordingly, we dismiss these appeals for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although the district court subsequently adopted the magistrate judge's recommendations and dismissed Gean's complaints before we considered these appeals, the doctrine of cumulative finality does not cure the jurisdictional defects. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 479 (4th Cir. 2015) ("The doctrine [of cumulative finality] applies . . . only when the appellant appeals from an order that the district court could have certified for immediate appeal under [Fed. R. Civ. P.] 54(b)."); *In re Bryson*, 406 F.3d 284, 288 (4th Cir. 2005) (noting that "a premature notice of appeal from a clearly interlocutory decision" cannot "serve as a notice of appeal from the final judgment" (internal quotation marks omitted)).

3